UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAUWAN TIMS,

            Petitioner,           Case No. 1:22-cv-64

v.                                     Hon. Hala Y. Jarbou

MATT MACAULEY,

            Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir.

---

[1] Petitioner filed this action on a form approved for persons seeking relief under 28 U.S.C. § 2241. (Pet., ECF No. 1, PageID.1.) Section 2241 identifies several circumstances that allow the federal courts to extend the writ of habeas corpus to prisoners. 28 U.S.C. § 2241(c). Only one of the circumstances might apply to Petitioner: "[h]e is in custody in violation of the Constitution . . . of the United States . . . ." *Id*. But § 2254 further limits the relief available to such persons if they are "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). For that reason, the petition must satisfy the requirements for relief under § 2254.

1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

### I.     Factual allegations

Petitioner Jauwan Tims is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. On April 5, 2018, following a five-day jury trial in the Wayne County Circuit Court, Petitioner was convicted of unarmed robbery, in violation of Mich. Comp. Laws § 750.530, assault with intent to do great bodily harm (AGBH), in violation of Mich. Comp. Laws § 750.84, assault with a dangerous weapon (felonious assault), in violation of Mich. Comp. Laws § 750.82, and use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b.  On April 20, 2018, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent prison terms of 20 to 40 years for AGBH, 10 to 40 years for robbery, and 4 to 15 years for felonious assault.  Those sentences, in turn, were to be served consecutively to a sentence of 2 years for felony-firearm.

Petitioner's habeas challenge relates to the procedures followed in connection with his sentence.  For that reason, the facts underlying his criminal convictions are not critically important.  Nonetheless, the Michigan Court of Appeals provided this succinct description:

> On June 8, 2017, at about 4:00 a.m. near Manistique and Frankfurt Streets in the city of Detroit, defendant savagely beat and robbed Dorian Richardson.  Among other evidence connecting defendant to the crime was defendant's admission to a police officer that he and the victim had gotten into a fight, as well as DNA evidence.

*People v. Tims*, No. 344222, 2020 WL 1330343, at *1 (Mich. Ct. App. Mar. 19, 2020).  The jury convicted Petitioner of the crimes described above, finding Petitioner guilty of AGBH instead of the more serious charge of assault with intent to murder.  *See* Wayne Cnty. Cir. Ct. Register of

Actions, Case No. 17-010721-01-FC, https://cmspublic.3rdcc.org/CaseDetail.aspx (select "Criminal Case Records," search "Last name" Tims, "First Name" Jauwan, select "Case Number" 17-010721-01-FC) (last visited Jan. 26, 2022).

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals. Petitioner raised several challenges, including the claim he raises in his habeas petition. Petitioner raised some of his issues in a brief prepared by counsel and others in a *pro per* supplemental brief. The Michigan Court of Appeals rejected most of Petitioner's claims, including the issue he raises in his habeas petition, but agreed with Petitioner that his sentence for AGBH was unreasonable and his conviction for felonious assault was irreconcilably inconsistent with the AGBH conviction. *Tims*, 2020 WL 1330343 at *9–12. The appellate court vacated Petitioner's sentence for AGBH and remanded for resentencing on that conviction; the appellate court also vacated Petitioner's conviction for felonious assault.

In the petition, Petitioner indicates that the court of appeals' decision was the end of the criminal proceedings. Petitioner reports that he did not pursue his claims any further because his "attorney disappeared." (Pet., ECF No. 1, PageID.3.) The Michigan appellate and trial court dockets indicate otherwise. *See* https://www.courts.michigan.gov/c/courts/coa/case/344222 (last visited Jan. 26, 2022).

Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court on May 21, 2020. It is not clear what issues Petitioner raised in his application. By order entered December 22, 2020, the supreme court denied leave to appeal. *People v. Tims*, 951 N.W.2d 673 (Mich. 2020).

Then Petitioner's criminal proceedings continued in the Wayne County Circuit Court. That court took up the issue of resentencing Petitioner for the AGBH conviction. It appears

3

the court resentenced Petitioner on June 15, 2021, shortening the minimum AGBH sentence from 20 years to 10 years. *See* Wayne Cnty. Cir. Ct. Register of Actions, Case No. 17-010721-01-FC, https://cmspublic.3rdcc.org/CaseDetail.aspx select "Criminal Case Records," search "Last name" Tims, "First Name" Jauwan, select "Case Number" 17-010721-01-FC) (last visited Jan. 26, 2022). It does not appear that Petitioner has appealed that judgment.

On January 20, 2022, Petitioner timely filed his habeas corpus petition raising one ground for relief, as follows:

> I.  Circuit judge issued an illegal enhancement sentence and refuse[d] to correct it and apply correct sentence reduced.

(Pet., ECF No. 1, PageID.6.)

## II.  AEDPA standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Sterner v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541

4

U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their

5

adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"— for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

6

**III.    Discussion**

Petitioner contends that his sentences should not have been enhanced by his status as a fourth habitual offender[2] because such an enhancement was "illegal" because it violated "state statu[t]es." (Pet., ECF No. 1, PageID.2.)  Petitioner's challenge does not appear to be premised on a claim that he had not been previously convicted of three other felonies.  He had been previously convicted of felonies in two prior proceedings in the Wayne County Circuit Court.  *See* https://cmspublic.3rdcc.org/default.aspx (select "Criminal Case Records," search "Last name" Tims, "First Name" Jauwan) (last visited Jan. 26, 2022).  Petitioner had also been previously convicted of felonies in the Oakland County Circuit Court.  *See* https://courtexplorer.oakgov.com/ OaklandCounty (search "Last Name" Tims, "First Name" Jauwan) (last visited Jan. 26, 2022). Instead, it appears that Petitioner contends the enhancement was illegal because he did not have proper notice of the prosecutor's intent to seek the enhancement.  That is how he presented the claim to the Michigan Court of Appeals.

The Michigan Court of Appeals concluded that even if the prosecutor had failed to strictly comply with statutory document filing requirements, Petitioner had actual notice of the prosecutor's intent to pursue the enhancement, such that any error was harmless.  *Tims*, 2020 WL 1330343, at *9.  The court of appeals explained:

> [D]efendant argues that the prosecutor did not timely file a notice of habitual-offender sentence enhancement, that defendant was not arraigned as a habitual offender, and that the prosecutor did not follow procedure dictated by MCR 6.112(C) and MCL 769.13(2).  Therefore, defendant asserts, he was erroneously sentenced under the habitual-offender statutes and remand for resentencing without the habitual-offender enhancement is required.  Defendant raises a procedural issue that relates to the substantive ability of the trial court to sentence him as a habitual offender.  See e.g., *People v. Morales*, 240 Mich App 571, 574, 618 N.W.2d 10 (2000).  Because defendant did not raise this issue in the

---

[2] The habitual offender enhancement increased the sentencing guidelines minimum sentence range from 50–100 months to 50–200 months.  *See* Mich. Comp. Laws §§ 777.64, 777.21(3).

7

trial court, it is not preserved for appeal. *People v. Carines*, 460 Mich 750, 761-762, 597 N.W.2d 130 (1999).

A written notice of the prosecution's intent to seek enhancement of a sentence under the habitual-offender statutes must be filed with the court "within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived or eliminated, . . . within 21 days after the filing of the information charging the underlying offense." MCR 6.112(F); see also MCL 769.13(1). Within the same timeframe, the notice must be "served upon the defendant or his or her attorney . . . at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings." MCL 769.13(2). The "prosecuting attorney shall file a written proof of service with the clerk of the court." *Id*.

Defendant contends that the procedural notice requirements of MCL 769.13, including the filing of a proof of service with the trial court, MCL 769.13(2), must be strictly enforced and that any deviation precludes enhancing his sentence as a habitual offender. However, the procedural deficits that defendant asserts are all contradicted by the record, except that the prosecuting attorney did not file a written proof of service with the clerk of the court. This deficiency is harmless. See MCR 6.112(G).

The record reflects that defendant received actual notice of the prosecutor's intent to seek habitual-offender enhancement and suffered no prejudice by the lack of a written proof of service being filed in the trial court. All three of the charging documents (complaint, warrant, and information) were filed in the district court on November 28, 2017, when the complaint was authorized, and included notice of the fourth-offense habitual-offender enhancement. On November 29, 2017, defendant was arraigned in the district court on the complaint and was informed of the underlying charges and of the habitual-offender, fourth-offense notice. After a preliminary examination, defendant was bound over to circuit court where he appeared with his attorney for arraignment on December 20, 2017. At the arraignment, defendant's attorney waived the formal reading of the information and defendant stood mute; a not-guilty plea was entered. Defendant does not claim that his attorney was not provided a copy of the information, containing the habitual-offender notice, before the arraignment, as required by MCR 6.113(B). See *People v. Head*, 323 Mich App 526, 544-545, 917 N.W.2d 752 (2018).

At a final pretrial conference on February 28, 2018, the assistant prosecutor stated that no plea offer had been extended to defendant. The case was adjourned so that defense counsel could talk to the assistant prosecutor's supervisor regarding a possible plea agreement. On March 13, 2018, the parties again appeared for a final pretrial conference. The prosecutor remained unwilling to reduce the charges and defense counsel sought a sentence understanding from the trial court pursuant to *People v. Cobbs*, 443 Mich 276, 505 N.W.2d 208 (1993). The trial court noted that defendant "is being charged as a habitual fourth, based on prior offenses, including a felonious assault, in the last few years." The trial court also noted that,

> based on his understanding, the victim had "severe and permanent brain injuries" and was "incapable of taking care of himself." The court stated that a proper sentence might be "two years on the felony firearm; plus twenty-five years to some . . . number on the tail." Defense counsel stated that he had communicated the trial court's preliminary understanding of a proper sentence to defendant, who wished to proceed with the scheduled trial.
>
> Clearly, this record shows that defendant was fully informed of the habitual-offender notice, and received a copy of the notice either personally or by his attorney. He makes no claim that anything in the notice concerning his prior convictions is inaccurate. Indeed, at the sentencing hearing on April 20, 2018, defense counsel and defendant confirmed that there were no inaccuracies in the reporting of defendant's prior convictions in the presentence investigation report. Under these circumstances, like in *Head*, although the prosecutor failed to file a proof of service of the habitual notice, "the error is harmless because defendant had actual notice of the prosecutor's intent to seek an enhanced sentence and defendant was not prejudiced in his ability to respond to the habitual-offender notification." *Head*, 323 Mich App at 544, 917 N.W.2d 752. Defendant has not established that plain error affected his substantial rights or seriously affected the fairness, integrity, or public reputation of the proceeding. *Carines*, 460 Mich at 763, 597 N.W.2d 130.

*Tims*, 2020 WL 1330343, at *8–9 (footnote omitted).

To prevail, Petitioner must show that the court of appeals' determination of this issue is contrary to, or an unreasonable application of clearly established federal law, or that the determination is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). The glaring flaw in Petitioner's habeas claim is that he does not even contend that the resolution is contrary to federal law. Instead, his objection is based entirely on state statute—he claims the prosecutor failed to comply with the document filing requirements of the state statute.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases).

The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Johnson v. United States*, 559 U.S. 133, 138 (2010) ("We are, however, bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements . . . ."); *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76); *see also Thomas v. Stephenson*, 898 F.3d 693, 700 n.1 (6th Cir. 2018) (same).

Therefore, that part of the court of appeals' decision that concludes that the prosecutor complied with the state statutory requirements, *Tims*, 2020 WL 1330343, at *8 ("the procedural deficits that defendant asserts are all contradicted by the record, except that the prosecuting attorney did not file a written proof of service with the clerk of the court."), is either axiomatically correct, to the extent it is an interpretation or application of state law, or presumed correct and entirely unrebutted, to the extent it is a factual determination.

That leaves only the defect that the prosecutor failed to file a written proof of service with the clerk of the court. The fact that the prosecutor failed to comply with the state statute in that regard does not necessarily raise a concern of constitutional significance. Nonetheless, because the purpose of the statutory requirements is notice and notice is part of due

10

process, the failure to file a written proof of service could implicate the protections of the Due Process Clause.

The Due Process Clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him so as to provide him an adequate opportunity to prepare his defense. *See*, *e.g.*, *In re Ruffalo*, 390 U.S. 544 (1968); *Blake v. Morford*, 563 F.2d 248 (6th Cir. 1977); *Watson v. Jago*, 558 F.2d 330, 338 (6th Cir. 1977). This requires that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. *Combs v. State of Tennessee*, 530 F.2d 695, 698 (6th Cir. 1976). Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial. *Id*. "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) (quoting *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986)). "An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira*, 806 F.2d at 639. In other words, as long as "sufficient notice of the charges is given in some . . . manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984); *Watson*, 558 F.2d at 338.

The Michigan Court of Appeals found that "defendant received actual notice of the prosecutor's intent to seek habitual-offender enhancement and suffered no prejudice by the lack of a written proof of service being filed in the trial court." *Tims*, 2020 WL 1330343, at *8. That factual determination is presumed correct. Petitioner must provide clear and convincing evidence to rebut it. He offers no evidence at all.

Petitioner contends that there was a technical state statutory violation because the prosecutor failed to file a written proof of service. He does not claim that he did not have notice of the habitual offender enhancement, and he does not offer any evidence to rebut the state court determination that he had actual notice of the enhancement.

Petitioner's state law violation is not cognizable on habeas review. Although lack of notice might implicate due process, in light of the unrebutted determination that he had actual notice, he cannot show that the state court's rejection of his claim is contrary to, or an unreasonable application of, clearly established federal law. Accordingly, Petitioner is not entitled to habeas relief.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the

12

Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons that the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:  February 1, 2022  /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE